IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM C. WHITEHOUSE,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES,<br><br>　　　　　　　　Respondent. | 4:24CV3137<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner William C. Whitehouse's ("Whitehouse") "Motion for Coram Nobis," Filing No. 1, which the Court construes as a Petition for Writ of Error Coram Nobis brought pursuant to 28 U.S.C. § 1651(a), his Motion for Leave to Proceed In Forma Pauperis ("IFP"), Filing No. 2, and a "Motion for Notice of Foreign Law," Filing No. 3. Upon review pursuant to 28 U.S.C. § 1915A, this case will be dismissed without prejudice and the pending motions denied as moot.

## I. BACKGROUND

On August 9, 2024, Whitehouse, who is currently confined in the Saline County Law Enforcement Center, filed his pro se pleading, which he captioned "Motion for Coram Nobis" in "Case/Acct: 3571 charge #" and in which he listed himself as the defendant and the United States as the plaintiff. Filing No. 1 at 1. The Court construed and docketed Whitehouse's pleading as a Petition for Writ of Error Coram Nobis. Whitehouse's petition provides sparse factual allegations with Whitehouse merely alleging the petition is brought pursuant to "Ecclisiastical [sic] Court Law" and apparently seeks to "discharge the charge and conviction of 3571 Controlled Substance-Sell-Distribute-Or Dispense" and

to "open back the file and to permanently remove the charge and Indictment Controlled Substance-Sell-Distribute-Or Dispense." Id. at 1, 3 (spelling corrected).

This Court's records show that Whitehouse was indicted on October 17, 2012, in *United States v. Whitehouse*, No. 4:12-cr-03114-RGK-CRZ (D. Neb.), for distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Filing No. 1, Case No. 4:12CR3114. Whitehouse pleaded guilty to the sole charge in the indictment and was sentenced on September 4, 2013, to 18 months' imprisonment followed by three years of supervised release. Filing Nos. 29 & 36, Case No. 4:12CR3114. On July 17, 2015, Whitehouse's term of supervised release was revoked after he admitted to violating the conditions of his supervision and he was committed to the custody of the United States Bureau of Prisons for a twelve-month term followed by three years of supervised release. Filing No. 116, Case No. 4:12CR3114. According to the BOP's online inmate records, Whitehouse was released from BOP custody as of April 5, 2019. See https://www.bop.gov/inmateloc/ (last visited Dec. 30, 2024).

## II. DISCUSSION

In *United States v. Morgan*, the Supreme Court held a writ of coram nobis may be used to correct errors that occurred during the course of a criminal proceeding, but *only in the court of conviction as part of the original criminal case*. 346 U.S. 502, 505–11 (1954). *See also* Booker v. State of Arkansas, 380 F.2d 240, 243 (8th Cir. 1967) ("[p]rocedurally, coram nobis is a step in the original criminal proceeding itself"); Trackwell v. Nebraska, 126 Fed.Appx. 336 (8th Cir. 2005) (unpublished opinion) ("a defendant may seek coram nobis relief only from the court that rendered judgment"). Thus, to the extent Whitehouse seeks coram nobis relief with respect to his conviction in Case No.

4:12CR3114, he may do so "only through a motion in the original criminal case, not in separate civil litigation." *Twitty v. United States*, No. 15-CV-3694 (MJD/HB), 2015 WL 7770196, at *2 (D. Minn. Nov. 2, 2015) (citing *United States v. Camacho–Bordes*, 94 F.3d 1168, 1171 n.2 (8th Cir. 1996)), *report and recommendation adopted*, No. CV 15-3694 (MJD/HB), 2015 WL 7760168 (D. Minn. Dec. 2, 2015).

Even if Whitehouse's petition was considered properly filed in this Court, the Court concludes Whitehouse has failed to allege any grounds demonstrating that he is entitled to coram nobis relief.  A writ of coram nobis is an "extraordinary remedy" available "only under circumstances compelling such action to achieve justice" and to correct errors "of the most fundamental character."  *Morgan*, 346 U.S. at 511–12 (internal quotation omitted).  "[A] petitioner must show a compelling basis before coram nobis relief will be granted, and the movant 'must articulate the fundamental errors and compelling circumstances for relief in the application for coram nobis.'" *Camacho-Bordes*, 94 F.3d at 1173 (internal citation omitted) (quoting *Kandiel v. United States*, 964 F.2d 794, 797 (8th Cir. 1992)).  "To be entitled to coram nobis relief, a petitioner must also demonstrate that he is suffering from adverse collateral consequences due to the allegedly wrongful conviction." *Baranski v. United States*, No. 4:11-CV-123 CAS, 2016 WL 1258583, at *3 (E.D. Mo. Mar. 31, 2016) (citing *Stewart v. United States*, 446 F.2d 42, 43-44 (8th Cir. 1971)), *aff'd*, 880 F.3d 951 (8th Cir. 2018).

Here, assuming Whitehouse seeks coram nobis relief from his conviction in 4:12CR3114, he fails to allege any fundamental errors in his criminal proceedings or other compelling circumstances that would entitle to him to the extraordinary remedy of coram nobis.  Whitehouse also has not shown that he is suffering from any adverse collateral

consequences due to his conviction in 4:12CR3114. Thus, the Court finds that Whitehouse has failed to allege any basis justifying coram nobis relief and his petition should, therefore, be dismissed.

IT IS THEREFORE ORDERED that:

1. Whitehouse's Petition for Writ of Error Coram Nobis, Filing No. 1, is denied and dismissed without prejudice.

2. Whitehouse's Motion for Leave to Proceed In Forma Pauperis, Filing No. 2, is denied as moot.[1]

3. Whitehouse's pending "Motion for Notice of Foreign Law," Filing No. 3, is denied as moot.

3. The Court will enter judgment by a separate document.

Dated this 30th day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[1] While the Prison Litigation Reform Act ("PLRA" or "Act") provides that a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee," the Act does not define "civil action" for the purpose of the IFP statute. 28 U.S.C. § 1915(b)(1). The Tenth Circuit has specifically concluded that "a § 1651 [coram nobis] petition is not a 'civil action' for purposes of § 1915(a)(2) and (b)." Adkins v. Callahan, 143 F. App'x 930, 930–31 (10th Cir. 2005). That conclusion finds support in the fact that a writ of coram nobis is characterized as "a step in the original criminal proceeding itself." Booker, supra. Cf. Martin v. United States, 96 F.3d 853, 854-55 (7th Cir. 1996) ("A petition for mandamus in a criminal proceeding is not a form of prisoner litigation. . . . It is a procedural step in the criminal litigation, like an interlocutory or final appeal or a civil contempt proceeding against a witness."); Robinson v. State of Nebraska, Case No. 8:17-cv-00204-RGK-PRSE (D. Neb. July 25, 2017) (Filing No. 20, declining to apply PLRA to mandamus petition challenging the petitioner's underlying criminal proceedings). Accordingly, the Court will not require the collection of any filing fee pursuant to the PLRA.